## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| A&W RESTAURANTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:17-cv-00256 |
| MARTHA'S PAPA BURGERS, INC., | § | |
| CCD PAPA BURGERS, LLC, | § | |
| PAPABURGERS LLC, ERIC ZUBIA, | § | |
| MARGARITA ZUBIA, and SILVER | § | |
| ZUBIA, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT
## AND FALSE DESIGNATION OF ORIGIN

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

For its Original Complaint (the "Complaint") against Defendants Martha's Papa Burgers, Inc., CCD Papa Burgers, LLC, PapaBurgers LLC, Eric Zubia, Margarita Zubia, and Silver Zubia (collectively, the "Defendants" or "Papa Burgers Defendants"), Plaintiff A&W Restaurants, Inc. ("Plaintiff" or "A&W Restaurants") respectfully states as follows:

## NATURE OF ACTION

1.      This is an action for infringement of trademarks registered under the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 et seq., 15 U.S.C. § 1114(a); and false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

## JURISDICTION AND VENUE

2.      As this case states claims for infringement of trademarks, false designation of origin, and unfair competition under the Lanham Act, this Court has jurisdiction over this matter under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1332 and 1338.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b).

4.      This Court has personal jurisdiction over Defendants Martha's Papa Burgers, Inc. and CCD Papa Burgers, LLC because they: (a) regularly conduct business and transact business within the State of Texas; (b) have committed acts of trademark infringement in the State of Texas causing injury within the State of Texas; and (c) are each organized under the laws of the State of Texas.

5.      This Court has personal jurisdiction over Defendants Eric Zubia and Margarita Zubia because they: (a) regularly conduct business and transact business within the State of Texas; (b) have committed acts of trademark infringement in the State of Texas causing injury within the State of Texas; and (c) reside in the State of Texas.

6.      This Court has personal jurisdiction over Defendants PapaBurgers LLC and Silver Zubia because they have purposefully availed themselves of the benefits and protections of the State of Texas by having established minimum contacts with the State of Texas.

**THE PARTIES**

7.      Plaintiff A&W Restaurants is a corporation organized under the laws of the State of Michigan with its principal place of business at 1648 McGrathiana Pkwy., Ste. 380, Lexington, Kentucky 40511.

8.      Defendant Martha's Papa Burgers, Inc. ("Martha's Papa Burgers"), upon information and belief, is a corporation organized under the laws of the State of Texas, with a registered place of business located at 2519 N. Piedras St., El Paso, Texas 79930.  Martha's Papa Burgers may be served process by and through its registered agent, Eric Zubia, at 2519 N. Piedras St., El Paso, Texas 79930.

9.     Defendant CCD Papa Burgers, LLC ("CCD Papa Burgers"), upon information and belief, is a limited liability company organized under the laws of the State of Texas, with a registered place of business located at 2519 N. Piedras St., El Paso, Texas 79930.  CCD Papa Burgers may be served process by and through its registered agent, Margarita Zubia, at 2519 N. Piedras St., El Paso, Texas 79930.

10.    Defendant PapaBurgers LLC ("PapaBurgers"), upon information and belief, is a limited liability company organized under the laws of the State of New Mexico, with a registered place of business located at 6601 4th Street NW, Set. P, Los Ranchos, New Mexico 87107. PapaBurgers may be served process by and through its registered agent, Silver Zubia, at 6601 4th Street NW, Set. P, Los Ranchos, New Mexico 87107.

11.    Defendant Eric Zubia, upon information and belief, is an individual that maintains a business office at 2519 N. Piedras St., El Paso, Texas 79930.  Eric Zubia may be served process at this address.

12.    Upon information and belief, Defendant Eric Zubia is the president and director of Defendant Martha's Papa Burgers and knowingly and willfully directed, oversaw and actively engaged in the infringing activities complained of herein.

13.    Defendant Margarita Zubia, upon information and belief, is an individual that maintains a business office at 2519 N. Piedras St., El Paso, Texas 79930.  Margarita Zubia may be served process at this address.

14.    Upon information and belief, Defendant Margarita Zubia is the president and director of Defendant CCD Papa Burgers and knowingly and willfully directed, oversaw and actively engaged in the infringing activities complained of herein.

15.     Defendant Silver Zubia, upon information and belief, is an individual that maintains a business office at 6601 4th Street NW, Set. P, Los Ranchos, New Mexico 87107. Silver Zubia may be served process at this address.

16.     Upon information and belief, Defendant Silver Zubia is the principal of Defendant PapaBurgers and knowingly and willfully directed, oversaw and actively engaged in the infringing activities complained of herein.

## BACKGROUND FACTS

17.     A&W Restaurants, through its predecessors in interest, related companies, and franchisees, is and has been engaged in the operation of quick service restaurants and the related sale and distribution of food and beverage products, including hamburger sandwiches, for consumption on and off the premises sold through its restaurants since at least as early as 1933.

18.     Today, A&W Restaurants operates over 600 quick service restaurants either directly or through franchise agreements throughout the United States, including in this district.

19.     A&W Restaurants has offered, sold, and distributed hamburger sandwiches under the federally registered PAPA BURGER® mark (U.S. Reg. No. 754,744) since at least as early as 1960.

20.     A&W Restaurants owns the PAPA BURGER registered mark and all common law rights in the PAPA BURGER mark for use on hamburger sandwiches and related restaurant services.

21.     Recently, A&W Restaurants became aware of Defendants Papa Burgers and its operation of a chain of "Papa Burgers" restaurants in the El Paso, Texas and Albuquerque, New Mexico areas that specialize in providing hamburger sandwiches for consumption on and off the premises.

22.     Defendant's adoption and use of an identical mark to that of A&W Restaurants's PAPA BURGER® mark, for use in connection with a chain of hamburger restaurants, is likely to confuse consumers and cause consumers to believe that the Papa Burgers Defendants are sponsored by or otherwise affiliated with A&W Restaurants, which is false.  Indeed, such confusion as to a possible association has already occurred.

### The PAPA BURGER Mark

23.     Founded in 1919, A&W Restaurants is the original and longest running quick service restaurant operation in the United States, if not the world.

24.     A&W Restaurants can proudly boast being the longest running quick service restaurant operation because of its unwavering commitment to producing and providing high quality food products and unique customer dining experiences.

25.     Since 1919, the focus of A&W Restaurants has been to provide "All American Food®" with a strong sense of commitment to the concept of "family"—both within its own organization as well as in its commitment to its customers.

26.     As an example, A&W Restaurants launched its "Burger Family" merchandising campaign in 1960—a campaign that was wildly successful.  This campaign focused on the "family" dining experience by providing a dedicated burger for various members of a family unit, such as the "Papa Burger," the "Mama Burger," the "Baby Burger," and the "Teen Burger."

27.     While the focus on having a dedicated burger for each various family member has since waned (for any number of reasons), the "Papa Burger" can still be found on A&W Restaurants menus today.  Indeed, it remains one of its more popular food product offerings.

28.     A&W Restaurants has also expanded upon its "Papa" theme over the years by offering consumers the opportunity to have their hamburger made "Papa" style, which is

- 5 -

accomplished by adding its signature (and proprietary) "Papa" sauce. This "Papa" sauce can also be ordered as a side as a dipping sauce for chicken fingers, fries, and other menu items.

29.     A&W Restaurants owns the following federally registered trademark for use in connection with the provision of hamburger sandwiches:

> PAPA BURGER, Registration No. 754,744, registered August 13, 1963, for hamburger sandwiches.

A copy of the certificate of registration for this trademark (the "PAPA BURGER Registered Mark") is attached hereto as Exhibit A. In addition, A&W Restaurants has obtained common law trademark rights in the PAPA BURGER mark and its other PAPA-variant marks through its use of those marks in commerce (collectively, the PAPA BURGER Registered Mark and the common law "Papa" marks are herein referred to as the "PAPA BURGER Mark").

30.     The certificate of registration identified in the preceding paragraph is valid and subsisting, and A&W Restaurants owns record title to the PAPA BURGER Registered Mark.

31.     The certificate of registration is prima facie evidence of the validity of the PAPA BURGER Registered Mark, A&W Restaurants's ownership of the PAPA BURGER Registered Mark, and A&W Restaurants's exclusive right to use the PAPA BURGER Registered Mark on the goods specified in the certificate of registration. *See* 15 U.S.C. § 1057(b).

32.     Section 8 and 15 Affidavits have been filed and accepted for the PAPA BURGER Registered Mark, meaning that the registration is incontestable, providing conclusive evidence of A&W Restaurants's exclusive rights to use the PAPA BURGER Registered Mark on and in connection with the provision of hamburger sandwiches. *See* 15 U.S.C. § 1065.

33.     The certificate of registration also provides constructive notice of A&W Restaurants's claim of ownership. *See* 15 U.S.C. § 1072.

34.   Since launching its "Burger Family" brand in 1960 with the corresponding PAPA BURGER® hamburger, A&W Restaurants has expended a considerable amount of time, effort, money, and resources in the promotion and advertisement of its PAPA BURGER® hamburgers, including its use of "Papa" style burgers and associated "Papa" sauce that are offered throughout its nationwide operation of A&W Restaurants's quick service restaurants.

35.   A&W Restaurants only allows its trademarks—including the PAPA BURGER Mark—to be used by restaurants that are either directly operated by A&W Restaurants or operated by franchisees of A&W Restaurants that have met strict criteria and have proven their ability to abide by and uphold the reputation and goodwill associated with A&W Restaurants by providing high quality food products and services while still meeting the customer expectation for "quick service."

### Defendants' Infringing Activities

36.   The Papa Burgers Defendants operate several hamburger restaurants in El Paso, Texas and Albuquerque, New Mexico.

37.   The Papa Burgers Defendants adopted the PAPA BURGER Mark for use on and in connection with its chain of restaurants that specialize in hamburger food products.

38.   Upon information and belief, Defendant Eric Zubia founded the "Papa Burgers" restaurants and is an owner, operator, and director of at least one of the "Papa Burgers" restaurant locations, having also inspired others within his family, such as Defendants Margarita Zubia and Silver Zubia, to become owners, operators, and directors of additional "Papa Burgers" restaurant locations.

39.   The adoption and use of the PAPA BURGER Mark for a chain of hamburger restaurants—restaurants that offer identical types of food products and beverages—is likely to

confuse consumers and cause consumers to believe that the Papa Burgers Defendants are licensed by, sponsored by, or affiliated with A&W Restaurants, which is false.

40.     A&W Restaurants use of the PAPA BURGER Mark in connection with hamburgers provided at its restaurants and the Papa Burgers Defendants' use of PAPA BURGERS in connection with restaurants focused on the provision of hamburgers are directly competitive uses, as both marks are used on identical products and services and offered to the same consumers.

## COUNT ONE
## TRADEMARK INFRINGEMENT – REGISTERED MARK
## 15 U.S.C. §1114

41.     Plaintiff incorporates the allegations contained in paragraphs 1 through 40 as if fully restated herein.

42.     The Papa Burgers Defendants adopted and began using the PAPA BURGER Registered Mark in connection with hamburgers and restaurant services long after A&W Restaurants acquired superior rights in the PAPA BURGER Registered Mark for use in connection with hamburgers provided at its restaurants and long after the PAPA BURGER Registered Mark became incontestable.

43.     The Papa Burgers Defendants' use of an identical mark to that of the PAPA BURGER Registered Mark creates a likelihood of confusion among consumers.  Such consumers will assume that the Papa Burgers Defendants are somehow affiliated with A&W Restaurants, or that A&W Restaurants has authorized or licensed the Papa Burgers Defendants to operate a sub-chain of A&W Restaurants focused on its PAPA BURGER® hamburgers, which is false.

44.     The goodwill of the PAPA BURGER Registered Mark is of enormous value, and A&W Restaurants will suffer immediate and irreparable harm should the Papa Burgers Defendants' unauthorized offering of restaurants under an identical mark continue.

45.     The acts of the Papa Burgers Defendants in its unauthorized use of an identical mark to that of the PAPA BURGER Registered Mark in connection with their restaurants are intended to and will divert to the Papa Burgers Defendants the benefit of the business reputation and goodwill symbolized by the PAPA BURGER Registered Mark, which belongs exclusively to A&W Restaurants.

46.     The Papa Burgers Defendants' infringing use of an identical mark to that of the PAPA BURGER Registered Mark in connection with their restaurants will likely continue unless enjoined by this Court.

47.     The Papa Burgers Defendants' actions constitute infringement of the PAPA BURGER Registered Mark under 15 U.S.C. § 1114(a).

48.     The Papa Burgers Defendants' actions complained of herein have been willful.

49.     A&W Restaurants is entitled to a permanent injunction against the Papa Burgers Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

**COUNT TWO**
**FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION**
**15 U.S.C. §1125**

50.     A&W Restaurants incorporates the allegations contained in paragraphs 1 through 49 as if fully restated herein.

51.     The Papa Burgers Defendants' use of an identical mark to that of the PAPA BURGER Mark in connection with their restaurant services falsely represents that such food

products and services originate with, or are sponsored, endorsed, underwritten, or licensed by A&W Restaurants.

52.     The Papa Burgers Defendants are not authorized to use an identical mark to that of the PAPA BURGER Mark.  A&W Restaurants cannot exercise any control over the nature and quality of the Papa Burgers Defendants' food products, nor the customer service provided by the Papa Burgers Defendants to consumers.

53.     Upon information and belief, the Papa Burgers Defendants' false designation of origin has been willful and deliberate, designed specifically to trade upon the consumer goodwill enjoyed by A&W Restaurants in the quick service industry.

54.     A&W Restaurants's consumer goodwill is of enormous value, and A&W Restaurants will suffer irreparable harm should the Papa Burgers Defendants' false designation of origin as to the PAPA BURGER Mark be allowed to continue.

55.     The Papa Burgers Defendants' false designation of origin will likely continue unless enjoined by this Court.

56.     A&W Restaurants is entitled to a permanent injunction against the Papa Burgers Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court order:

1.     The issuance of a permanent injunction enjoining Defendants and their agents, licensees, franchisees, servants, employees, successors, representatives, and assigns, and all others in concert and privity with them, from using the PAPA BURGER Mark or any mark confusingly similar thereto in any manner in advertising, promoting, or sale of goods or services in the restaurant industry or the food and beverage industry in

general, and from infringing or falsely designating the origin of the PAPA BURGER Mark;

2.  The issuance of a permanent injunction enjoining Defendants from using the PAPA BURGER or any mark confusingly similar thereto for any goods or services in the restaurant industry or the food and beverage industry in general, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship, or affiliation of Plaintiff with Defendants;

3.  That Defendants account to Plaintiff for their profits, the actual damages suffered by Plaintiff as a result of Defendants' acts of infringement and false designation of origin, together with interest and costs, and that such damages be trebled because of the willful acts described above, which acts were committed in knowing disregard of Plaintiff's rights;

4.  That Defendants surrender all copies of any materials mentioning any goods or services in the restaurant industry or the food and beverage industry in general that they have created or obtained bearing the PAPA BURGER Mark or any mark confusingly similar thereto for destruction, and that they be enjoined from creating, purchasing, or acquiring such materials in the future or placing them on a website;

5.  That Defendants pay compensatory and treble damages to Plaintiff;

6.  That Defendants disgorge all profits realized from its offering of restaurant services and provision of food and beverage under the PAPA BURGER Mark or any mark confusingly similar thereto;

7.  That Defendants pay Plaintiff's attorney's fees, together with the costs of this suit; and

8.  All other and further relief to which Plaintiffs may be entitled.

Dated:  August 16, 2017          Respectfully submitted,

/s/ Jason Cross

Jason Cross
Texas State Bar No.  24045727
Alison M. Rowe
Texas State Bar No. 24032717
FROST BROWN TODD LLC
100 Crescent Court, Suite 350
Dallas, Texas 75201
Tel:     (214) 545-3472
Fax:    (214) 545-3473
Email:  jcross@fbtlaw.com
Email:  arowe@fbtlaw.com

OF COUNSEL
Samantha M. Quimby
(Ohio Bar No. 0081968)
FROST BROWN TODD LLC
10 West Broad Street, Ste. 2300
Columbus, OH 43215
Telephone: (614) 464-1211
Facsimile: (614) 464-1737

*Attorneys for Plaintiff A&W Restaurants, Inc.*

4849-8635-2973v1